UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NICHOLE KELLEY | No. 1:25-cr- |

**INFORMATION**

The United States Attorney charges:

**GENERAL ALLEGATIONS**

At all times relevant to this Information:

1. Bank A was a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation ("FDIC").

2. The Defendant, Nichole Kelley, resided in the District of Maine, and at times, the Bangor, Maine, area.

3. COCONSPIRATOR 1 resided at an apartment in Bangor, Maine.

4. Victim A resided in Vermont and was a customer of and had bank accounts with Bank A.

5. Victim B resided in Florida and was a customer of and had bank accounts with Bank A.

**OVERVIEW OF CONSPIRACY**

6. Beginning in about July 2024 and continuing through about October 1, 2024, the Defendant, COCONSPIRATOR 1, and others known and unknown conspired to execute and executed a scheme to defraud Bank A and to obtain funds from Bank A accounts based on false and fraudulent pretenses, representations, and promises,

1

including by obtaining false and fictitious identification documents in the names of legitimate Bank A customers and then using those identification documents at Bank A branch locations in the New England area to access the customers' bank accounts and withdraw funds from those accounts.

## OBJECT AND PURPOSE OF CONSPIRACY

7. The object of the conspiracy was to commit bank fraud by using personal identifying information of legitimate Bank A customers to get access to and withdraw funds under the control of Bank A from customer accounts. The purpose of the conspiracy was to enrich the Defendant, COCONSPIRATOR 1, and coconspirators.

## MANNER AND MEANS

8. Among the manner and means by which the Defendant, COCONSPIRATOR 1, and others known and unknown carried out the conspiracy and the scheme to defraud were the following:

   a. Obtaining and possessing personal identifying information of legitimate Bank A customers.

   b. Obtaining false and fictitious identification documents and bank cards in the names of legitimate Bank A customers.

   c. Making plans to enter and entering Bank A branch locations to use the false and fictitious identification documents and bank cards in the names of legitimate Bank A customers to access the customers' accounts.

   d. Impersonating legitimate Bank A customers, opening new bank accounts or lines of credit in the customers' names by using fraudulent identity documents and bank cards.

   e. Obtaining a bank card or line of credit from Bank A in the customers'

      names.

   f. Accessing and withdrawing funds from Bank A customer accounts.

## ACTS IN FURTHERANCE OF CONSPIRACY

9. Beginning in about July 2024 and continuing through about October 1, 2024, the Defendant, COCONSPIRATOR 1, and others known and unknown committed and caused to be committed the following acts, among others, in furtherance of the conspiracy and scheme to defraud:

   a. On about August 3, 2024, the Defendant provided COCONSPIRATOR 1 with her physical description for COCONSPIRATOR 1 to use in producing or having produced a false and fictitious identification document.

   b. On about August 4 and August 5, 2024, COCONSPIRATOR 1 sent the Defendant a text message containing the personal identifying information of Victim A, who is a Bank A customer.

   c. On about August 19 and August 20, 2024, the Defendant sent photographs of herself to COCONSPIRATOR 1 for use in producing or having produced a false and fictitious identification document.

   d. On August 26, 2024, the Defendant provided COCONSPIRATOR 1 with her physical description for COCONSPIRATOR 1 to use in producing or having produced a false and fictitious identification document.

   e. On about October 7, 2024, COCONSPIRATOR 1 had in his Bangor residence two false and fictitious Florida driver's licenses in the name of Victim B, bearing the Defendant's image, with Victim B's personal identifying information on it.

   f. During the conspiracy, the Defendant agreed with COCONSPIRATOR 1,

and others known and unknown, to enter financial institutions, namely, Bank A, with fraudulent identifications and bank cards containing the names and personal identifying information of other real individuals.

g. The Defendant agreed with COCONSPIRATOR 1, and others known and unknown, to travel to different states to engage in acts in furtherance of the conspiracy and scheme to defraud.

g. As part of the conspiracy, the Defendant and coconspirators traveled to different branches of Bank A, where coconspirators attempted to, and did, impersonate victims and obtain funds from Bank A by fraud.

## COUNT 1
## Conspiracy to Commit Bank Fraud

10. Paragraphs 1 through 9 and all subparts of this Information are incorporated by reference as if fully set forth herein.

### THE SCHEME AND ARTIFICE

11. Beginning in about July 2024 and continuing through about October 1, 2024, in the District of Maine and elsewhere, the Defendant,

### NICHOLE KELLEY

knowingly conspired with COCONSPIRATOR 1 and with others, known and unknown, to commit bank fraud, that is, to knowingly execute and attempt to execute a scheme and artifice to defraud a financial institution, namely, Bank A, and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of Bank A, by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

All in violation of Title 18, United States Code, Sections 1349 and 1344.

4

## FORFEITURE NOTICE

12.     Upon conviction of the offense in violation of Title 18, United States Code, Sections 1349 and 1344, as set forth in Count One of this Information, the Defendant,

## NICHOLE KELLEY

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly as the result of the offense and, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, constituting or derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, a money judgment in the amount of all such proceeds.

13.     If any of the property described in Paragraph 9 above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(2)(A) and Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the Defendant—

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c), incorporating Title 21, United

States Code, Section 853(p), to seek forfeiture of any other property of the Defendant up to the value of the property described in Paragraph 9 above.

All pursuant to 18 U.S.C. § 982(a)(2)(A), 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c).

Dated: <u>January 5, 2026</u>                                            ANDREW B. BENSON
                                                                                                UNITED STATES ATTORNEY

                                                                                                <u>**/s/ Alisa Ross**                      </u>
                                                                                                Alisa Ross
                                                                                                Assistant United States Attorney